11 F.3d 1070
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles W. JANOSIK, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7072.
 United States Court of Appeals, Federal Circuit.
 Oct. 12, 1993.
 
 Before MICHEL, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Charles W. Janosik appeals from a judgment of the United States Court of Veterans Appeals affirming a decision by the Board of Veterans' Appeals dismissing for lack of jurisdiction his claim for veteran's compensation benefits, Janosik v. Brown, No. 92-381 (Ct.Vet.App. March 23, 1993). Because we do not have jurisdiction to hear Janosik's appeal, we dismiss.
 
 DISCUSSION
 
 2
 On February 25, 1992, the Board dismissed Janosik's claim for entitlement to veteran's compensation benefits. Specifically, Janosik claimed entitlement to a 100% schedular evaluation in compensation for damages suffered as a result of an allegedly intentional misdiagnosis of a psychiatric disorder. Janosik asserted that forty-eight years ago the Navy and VA conspired to label him as a schizophrenic, causing him to suffer lost wages, lost employment opportunities, and physical and emotional distress.
 
 
 3
 Janosik appealed the Board's decision to the Court of Veterans Appeals, which affirmed that Janosik's claim of an intentional tort was not remediable under the veterans' benefits statutes and consequently was not within the jurisdiction of the Board. On appeal to this court, Janosik does not contest that conclusion. Rather, he complains that certain documents in his Counter Designation of the Record were not taken into consideration pursuant to Rule 10 of the Court of Veterans Appeals' Rules of Practice and Procedure. Also, Janosik alleges that Appellee failed to comply with an order of the court to supplement the record on appeal pursuant to Rule 11(b).
 
 
 4
 The scope of this court's review in appeals from the Court of Veterans Appeals is limited by its statutory grant of jurisdiction, 38 U.S.C. Sec. 7292 (1988). Livingston v. Derwinski, 959 F.2d 224, 225 (Fed.Cir.1992). Specifically, we may only "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof ... and ... interpret constitutional and statutory provisions, to the extent presented and necessary to a decision [by the Court of Veterans Appeals.]" 38 U.S.C. Sec. 7292. "[Our] jurisdictional scheme must be strictly construed in harmony with our congressional mandate, and we may not, even in the interest of justice, extend our jurisdiction where none exists." Livingston, 959 F.2d at 225.
 
 
 5
 Claims that the Court of Veterans Appeals failed to take into consideration certain documents or that Appellee failed to comply with a court order do not challenge the validity of any statute or regulation or any interpretation thereof, nor do they require interpretation of constitutional or statutory provisions. Thus, Janosik's claims do not fall within our statutory grant of jurisdiction, and we are precluded by law from hearing Janosik's appeal. Accordingly, we dismiss.